In The Federal District Court of the Middle District of Alabama
Montgomery, Alabama

| | |
|---|---|
| George D. McCarley<br>    Plaintiff | Case No. |
| v. | |
| Tim Flynn<br>    Defendant | Jury Trial Demand |

RECEIVED
2006 JAN 31 P 1: 20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

3:06 CV92-WKW

This Original Action is filed as a Breach of Contract Civil Lawsuit so that George D. McCarley may recover the Damages inflicted by KPMG Auditor complicity with the Fraudulent, illegal actions of The Hong Kong and Shanghai Banking Company, a.k.a. HSBC during their merger with Household Finance Corp. (HFC), to include their many subsequent name, registration, rebranding and location changes. The fast rising Management career, earnings, and personal life of George D. McCarley was ruined by illegal actions of this defendant and/or bank officers of HSBC/HFC. Tim Flynn is sued as Chairman of KPMG, Auditor for HSBC, who failed to identify and correct the many illegal procedures of HSBC et.al., therefore leading to strong KPMG complicity in these many charges of fraud and breach of contract against HSBC.

McCarley charges that Defendant Auditor failure to identify financial irregularities of HSBC allowed HSBC development of intentional and continual pattern of behavior designed to obstruct if not prevent McCarley performance of contract conditions precedent of this mortgage contract. Said pattern of obstruction caused defendant client HSBC to likewise be in violation of the conditions precedent governing defendant and stated in same mortgage contract.

George D. McCarley is a United States Army Veteran and lifetime resident of Roanoke, Alabama. The McCarley family has resided in Alabama almost 200 years. With present address of 216B Chestnut Street, the McCarley family resided at 211 Chestnut Street for some 70 years prior to the fraudulent and conspiratorial activities of HSBC noted herein.

1

HSBC was originally chartered in Hong Kong and Shanghai, China. They added additional Headquarters operations in London, England and Chicago, Illinois. KPMG is an international Auditing and Accountancy having United States Headquarters address at 757 Third Avenue, New York, NY 10017. Defendant is sued as a result of defendant's total failure to fulfill their professional duty to audit, advise, or prevent illegal activity of defendant organization, resulting in monetary loss, pain and suffering of George D. McCarley.

**CONSTITUTIONAL AND STATUTORY PROVISIONS VIOLATED BY DEFENDANT**

As a direct result of KPMG failed audit, their client HSBC violated the Civil Rights of George D. McCarley found in THE CONTRACT CLAUSE of the Constitution of the United States, found at Article I and The Alabama Constitution, Article I. Defendant actions led to BREACH OF CONTRACT against George D. McCarley

Contract Law is a Common Law practice and as such the primary citations relied upon for this case come from Case Precedents of Alabama and Federal courts. *Stare Decisis* governing this case is from Historic decisions of The Alabama and The Supreme Court of the United States.

**STATEMENT OF THE CASE**

George D. McCarley executed a Home Mortgage contract with Household Finance Corporation in May 2000. Said mortgage was recorded in book MORT 403 page 122 in the Office of The Judge of Probate of Randolph County, Alabama. While said mortgage was under litigation in Alabama courts, HSBC acquired HFC. McCarley was never notified of the HFC/HSBC merger. Failure to disclose merger action to McCarley violated The Truth in Lending Act (TILA), 15 USC §1601 et. Seq, and, The Real Estate Settlement Procedures Act (RESPA) 12 USC §2605, and 24 CFR pt. 3500 Mortgage Disclosure Requirements, and many associated state and federal statutes.

McCarley presses litigation due to evidence that a professional, qualitative audit should have discovered in normal course of auditor analysis. He had heavily overpaid his mortgage. In the 30 month life of the mortgage, McCarley paid almost four years of payments. HFC/HSBC under audit by this defendant, fraudulently declared McCarley in default, assigned said mortgage to a third party who fraudulently and illegally declared default, foreclosure, and ejected McCarley from his ancestral home of 70 years, Randolph County Case CV 04-041. Appellate action against that third party continues before SCOTUS, case no. 05-8143.

Due to KPMG failed audit, HFC/HSBC demanded accelerated payment of said mortgage while McCarley was in process of protesting their illegal finance charges. Defendant repeatedly violated the 60 day allowance of 12 USC §2605, which allows creditors 60 days to correct billing problems. McCarley challenged this statute many times in lower court and defendant has never acknowledged, rebutted or defended or satisfied their obligation under this federal statute. Said statute is duplicated by Alabama Code §5-19-19. Said Alabama Code further declares violators to be in DELIBERATE AND INTENTIONAL VIOLATION by failure to satisfy 60 day rule, with ultimate penalty being loss of license and loss of operating privileges within Alabama. Simplest evidence of Defendant violation is found in the billing record of the McCarley Account, 0002935534. It is clear to all who view said record that HFC/HSBC and this defendant is in clear violation of many laws. It is clear to all who view said record that defendant organization failed to complete a substantive, qualitative review of this record. Said qualitative review will clearly vindicate McCarley and result in legal penalties against this problematic defendant.

Further, while under KPMG audit, HFC/HSBC breached laws related to fraud and misapplication of funds. Billing evidence makes it clear KPMG auditor's failed to discover McCarley payments channeled into contractually forbidden Escrow accounts. Further, and in spite

of excessive monies paid, defendant client fraudulently charged McCarley with default, in violation of statutes detailed. Federal and State law allow collection of damages for these charges, along with a maximum fine of $1,000,000 and/or 30 years jail.

**BREACH OF CONTRACT VIOLATIONS DUE TO KPMG AUDITOR FAILURE**

Contract terms and conditions precedent violated by this defendant have been categorized along with ample supported case precedent in the Legal Series known as AMERICAN JURISPRUDENCE (17 Am Jur 2d). <u>McCarley charges failed audit results of KPMG supported</u>:

ONE) To obstruct and prevent the performance of McCarley, HSBC took a continual set of actions that caused McCarley to constantly chase creditor officials by telephone to complain and question the monthly billing amount, effectively reducing the time McCarley was allowed to prevent lateness. They attempted to force place insurance in violation of law, then kept the billing messed up while that was corrected. They constantly ordered McCarley to make payment via Western Union so as to insure payment arrived ontime. This was due to McCarley questions of billing irregularities that pushed him out close to late status. Then after McCarley made electronic debit payment, they convinced McCarley's bank this was intended as regular transaction. In one month, they billed four (4) monthly payments, obviously wreaking havoc with a normal checking account. The continual monthly billing irregularities almost require a book to commit to paper. The many irregularities wholly obstructed McCarley ability to be prompt with payment.

TWO) While being harassed by HSBC personnel, McCarley overpaid his mortgage account an amount equal to one years payments. Then, while McCarley attempted to reconcile the account, HSBC Breached Contract by fraudulently declaring McCarley in default and assigning the mortgage to another company. Such billing system failure should be automatic KPMG audit finding.

THREE) While reviewing the mortgage and billing statements after default was declared, McCarley discovered HSBC had established an Escrow Account, fully forbidden by the mortgage contract, and had diverted several thousand dollars into that Escrow account, with KPMG blessing.

FOUR) While reviewing the situation, McCarley discovered legal language that declares creditors in violation of many consumer protection laws anytime said creditor attempts to charge an amount other than agreed by the mortgage contract. A review of this billing statement and the mortgage contract makes it plain this defendant violated law and BREACHED CONTRACT on many occasions during the short life of this mortgage as a direct result of defendant practice of changing billing amounts without written agreement as required by law.

FIVE) Evidence of KPMG complicity to obstructionary activity is found in the "shell game" of corporate registration history of the parent corporation involved. The simple act of determining who should be served process and at what address has been made a daunting task by defendants act of constantly merging and otherwise changing names and locations of corporate headquarters.

KPMG audit failed to identify and correct or flag the many illegal acts of their client HSBC that would have prevented the damages, pain and suffering of McCarley

Addendum supports the following 17 Am Jur 2d case law violated by defendant.

17 Am Jur 2d   CONTRACTS

§701   Contracts Generally   (14 Cases cited in Addendum) (Jury Instructions)
§702   Prevention of Performance Generally   (11 Cases cited in Addendum)
§703   Preventing or Causing Nonperformance   (8 Cases cited in Addendum)
§716   Breach Generally   (9 Cases cited in Addendum)
§717   Prevention of Performance as Breach
§718   Obstructing Other Party

**JURY TRIAL DEMAND**

McCarley makes a Jury Trial demand, as such is established and documented by FEDERAL PRACTICE & PROCEDURE by Wright, Miller, Cooper.
   Liens & Encumbrances, Foreclosure Jury Trial   §2316

Property Rights Due Process Protection            §4030

Rule 38 declares matters of Law and Equity are granted Jury Trials.

McCarley will prove in open court that this Chinese bank with connection to enemy nations, supported by KPMG has now acquired by fraud, the property assets of American Servicemen.

**DAMAGES SOUGHT**

McCarley seeks an equitable solution that will restore his reputation and that will payback the professional earnings he has lost resulting from the illegal acts of this defendant.

McCarley will prove via written evidence and court records that prior to the actions of HFC/HSBC and this defendant, he was a fast rising Manager on pace to earn a position as Chief Executive Officer of a major corporation. This will be verified by evidence of written correspondence with Major Corporations. Additionally, McCarley has compiled a record of 14 corporate Turnarounds, preventing bankruptcy, restructuring bankrupt companies, preventing plant closings, and, has amassed a Merger and Acquisition record by leading professional teams that converted billion dollar companies to new ownership. Now the black marks created by HSBC serves to fully block the professional employment opportunities of George McCarley. Therefore, HSBC and this defendant must compensate McCarley for these losses created by their Fraudulent activity.

McCarley is 52 years old and has not been able to work professionally for almost 3 years as a direct result of defendants detrimental and illegal actions against McCarley. This "deadly" set of conditions is well known to end the career of promising managers. Further, considering the credit agency black marks will continue for at least 7 years, it is fully appropriate that defendant compensate McCarley for at least a 7 year period. Further, given the fact this instance occurs in the late years of McCarley career, a jury may find it fully appropriate that defendant provide compensation for the balance of McCarley working life.

It is fully appropriate that defendant pay court costs and McCarley legal fees for this action.

| **Summary of Damages Sought** | Sought | CEO Potential Award[1] |
|---|---|---|
| 1. Court Costs and Legal Fees | $20,000 | $20,000 |
| 2. Return of Property and Title thereof | $30,000 | $30,000 |
| 3. Compensatory Damages for lost income | $1,000,000 | $10,000,000 |
| 4. Punitive Damages for lost future income | $1,000,000 | $70,000,000 |
| 5. Pain and Suffering during this ordeal | $1,000,000 | $20,000,000 |
| Total Sought | $3,050,000 | $100,050,000 |

I, George D. McCarley do certify that the foregoing is a true statement, as witnessed by my signature

George D. McCarley
January 30, 2006

## PROOF OF SERVICE

I, George D. McCarley, do swear or declare that on this date, January 30, 2006, as required by Supreme Court Rule 29 I have served the enclosed COMPLAINT on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States mail properly addressed to each of them and with first class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The name and address of those served are as follows:

Headquarters Location
Tim Flynn, Chairman
KPMG (Executive Offices)
757 Third Avenue
New York, NY  10017
212-909-5600

The Clerk
Middle Distict of Alabama, Eastern Division
United States Courthouse
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

I declare under penalty of perjury that the foregoing is true and correct.

George D. McCarley  January 30, 2006

---

[1] Alternative compensation suggested based upon CEO compensation of HSBC

7

**ADDENDUM**

Limited Brief of Case Citations in support of BREACH OF CONTRACT by Defendant.
Footnote numbers correspond to 17 American Jurisprudence 2d.

### Statute 701 Generally

A party may not insist upon performance of a contract where he has brought about its breach. (91) A plaintiff cannot prevail in an action for nonperformance of a contract if he alone is responsible for nonperformance (92) . . .This is upon the principle that he who prevents a thing may not avail himself of nonperformance which he has occasioned. (93) A fortiori, a total breach by obligor on a contract excuses the obligee from the duty of further performance. (94)

Footnotes to Statute 701
(91) Reimann v. Saturday Evening Post Co. (SDNY) 464 F Supp 214
Fitzgibbons Boiler Co. v National City Bank, 287 NY 326, 39 NE2d 897, reh den 287 NY 843, 41 NE2d 169
(92) Porto Rico v Title Guaranty & Surety Co., 227 US 382, 82 L.Ed 561, 33 S Ct 362
Lovell v St Louis mutual Life insurance co., 111 US 264, 28 L. Ed 423, 4 S. Ct. 390
United States v. Peck, 102 US 64, 26 L. Ed 46

A provision in a contract forbidding its modification or change "except by entry thereon in writing signed by both parties", coupled with a provision that no court should relieve the plaintiff from a failure to comply strictly and literally with the contract, cannot be applied where the efficient cause of his failure to comply strictly and literally with the contract was the conduct of the other party. Cheney v. Libby, 134 US 68, 33 L. Ed 818, 10 S. Ct 498

A promisor is discharged from all liability when nonperformance . . . is caused by the act of the other contacting party. Clearwater v. Meredith, 68 US 25, 17 L. Ed 604

(93) Carnegie Steel v. United States, 240 US 156, 60 L. Ed 576, 36 S.Ct 342
Mogul logging v Smith Livesey Wright Co., 185 Wash 509, 55 P2d1061
(94) Melodies Inc. v Mirabile, (3d Dept) 7 App Div 2d 783

### PRACTICE GUIDE

In a case tied before a jury, alleged impossibility of performance caused by acts or conduct of the other party is ordinarily for the jury to determine under all of the proved facts and circumstances. (96) It is also the rule that a party may not insist upon performance of a contract or a provision thereof where he himself is guilty of a material or substantial breach of that contract or provision (97) The party first committing a substantial breach of a contract cannot maintain an action against the other party for subsequent failure to perform if the promises are dependent (98)

Addendum
Footnotes to Practice Guide
(96) Turner v Turner, 186 Ga. 223, 197 SE 771, 116 ALR 1396.
(97) Matheney v. McClain, 248 Miss 842, 161 So 2d 516

Courts should not enforce an agreement where the party seeking enforcement has failed to perform his part. Gray v Reynolds (Ala) 553 So 2d 79; Smith v Clark (Ala) 341 So 2d 720

(98) Statute 621 Effect of First Breach 17A Am Jur 2d

**702 Prevention of Performance Generally**
It is an implied condition of every contract that one party will not prevent performance by the other party (5) and it follows that a contracting party that prevents ... performance of other party ... cannot urge or avail himself of the nonperformance which he himself has brought about (6) Stated differently, nonperformance of a promise in accordance with its terms is excused if performance is prevented by the conduct of the adverse party (7)

Footnotes to statute 702
(5) see statute 380
(6) Bank of Columbia v Hagner, 26 US 455, 7 L. Ed 219; List & Son v Chase, 80 Ohio St. 42, 88 NE 120

One party cannot be permitted to plead his own act or fault which has prevented the performance of a contract by the other party in order to defeat the latter's recovery thereon. Whitlock v Auburn Lumber Co., 145 NC 120, 58 SE 909

A party who prevents performance on his part or on the part of the adverse party cannot take advantage of nonperformance. Suter v. Farmers Fertilizer Co., 100 Ohio St. 403, 126 NE 304

*Forms instructions to Jury*
Prevention of performance. 7 Am Jur Pl & Pr Forms   Contracts Form 48

(7) United States v Gleason, 175 US 588, 44 L. Ed 284
Denson v Provident Mutual Life Ins. Co., 231 Ala 574, 166 So 33

... a general rule that prevention of performance by one party ...will excuse nonperformance by the other party. Knowles v Henderson, 156 Fla 31, 22 So 2d 384, 169 ALR 600

When performance of a contract is made impossible by one of the parties the other party is excused from further performance. Old Ladies Home Ass'n v Hall, 212 Miss 67, 52 So 2d 650
Addendum
Conduct of a party to contract which frustrates and prevents performance by the other party excuses performance by the latter. Brenner v Schreck, 17 Misc 2d 945, 192 NYS2d 461

**ADDENDUM 703  Preventing performance, or causing nonperformance of conditions**
One who prevents or makes impossible the performance or happening of a condition precedent . . . cannot avail himself of nonperformance. (10)

Footnotes to statute 703
(10) Lovell v St. Louis Mutual Life Ins. Co., 111 US 264, 28 L. Ed 423
Williams v. Bank of the United States, 27 US 96, 7 L. Ed 360
Realty Acceptance Corp. V. Montgomery, (CA3 Del) 51 F2d 636
Pacific Venture Corp v Huey, 15 Cal 2d 711, 104 P2d 641
Hanover Realty Corp v. Codomo, (Fla) 95 So 2d 420
Ramsey v. Brooke County Bldg and loan Ass'n., 102 W.Va 119, 135 SE 249, 49 ALR 668

The party who demanded a condition precedent cannot hinder, delay, nor prevent its happening for purpose of avoiding performance of contract.  Wallerius v Hare, 194 Kan 408, 399P2d 543

The law contemplates fair dealing between parties to a contract and a party who prevents his adversary from performing a condition may not rely on such failure to excuse his own nonperformance.  Heyliger v Tune-Time Fashions, Inc, (1st Dept) 39 App Div 2d 698,

**716 Breach Generally**
. . .or as an alternative remedy, he may stand upon the contract and sue either for specific performance (9), or for damages against other party (10). Damages are recoverable where a party fails or refuses to deliver property in accordance with the terms of the contract(12). In an exchange transaction, the usual remedy for breach . . . is by an action for damages(16). The party defrauded, however, is not obliged to consider the fraudulent contract as void, but may, at his option, maintain an action of deceit or special assumpsit and recover damages(19). It has been held that where there has been a breach by one of the parties, the other, after a recission and demand for the return of the property, . . . may enter against protest . . . to retake without incurring liability for trespass (22).

Footnotes to statutes 716
(9) See Specific Performance, (1st ed statute 116)
(10) Hunter v. McKenzie 197 Cal 176, 239 P 1090
(12) Plumme v. Rigdon, 78 Ill 222;  Brasher v Davidson, 31 Tex 190
(16) Mason v Bohannon, 79 Ark 435, 96 SW 181
(19) Kimball v Cunningham, 4 Mass 502
(22)  Smith v Hale, 158 Mass 178, 33 NE 493
Addendum
*Definition*: "breach" as applied to contracts, is defined as failure without legal excuse to perform any promise which forms a whole or a part of a contract, including refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence. (88)

(88) National City Bank v. Erskine &Sons, Inc., 158 Ohio St. 450, 49 Ohio Ops 395, 110 NE2d 598
An unjustified failure to perform ... . is a breach  Davenport Osteopathic Hospital Asso v Hospital Service, Inc., 261 Iowa 247, 154 NW2d 153

In The Federal District Court of the Middle District of Alabama
Montgomery, Alabama

RECEIVED

| George D. McCarley | | Case No. _____ 2006 JAN 31 P 1: 19 |
| Plaintiff | | |
| v. | | DEBRA P. HACKETT, CLK |
| | | U.S. DISTRICT COURT |
| Tim Flynn | | Jury Trial Demand   MIDDLE DISTRICT AL. |
| Defendant | | |

    This Original Action is filed as a Civil Lawsuit so that George D. McCarley may recover the Damages inflicted by KPMG Auditor complicity with the Fraudulent, illegal actions of The Hong Kong and Shanghai Banking Company, a.k.a. HSBC during their merger with Household Finance Corp. (HFC), to include their many subsequent name, registration, rebranding and location changes. The fast rising Management career, earnings, and personal life of George D. McCarley was ruined by illegal actions of this defendant and/or bank officers of HSBC/HFC. Tim Flynn is sued as Chairman of KPMG, Auditor for HSBC, who failed to identify and correct the many illegal procedures of HSBC et.al., therefore leading to strong KPMG complicity in these many charges of fraud and breach of contract against HSBC.

    McCarley charges that Defendant Auditor failure to identify financial irregularities of HSBC allowed HSBC development of intentional and continual pattern of behavior designed to obstruct if not prevent McCarley performance of contract conditions precedent of this mortgage contract. Said pattern of obstruction caused defendant client HSBC to likewise be in violation of the conditions precedent governing defendant and stated in same mortgage contract.

    George D. McCarley is a United States Army Veteran and lifetime resident of Roanoke, Alabama. The McCarley family has resided in Alabama almost 200 years. With present address of 216B Chestnut Street, the McCarley family resided at 211 Chestnut Street for some 70 years prior to the fraudulent and conspiratorial activities of HSBC noted herein.

1

HSBC was originally chartered in Hong Kong and Shanghai, China. They added additional Headquarters operations in London, England and Chicago, Illinois. KPMG is an international Auditing and Accountancy having United States Headquarters address at 757 Third Avenue, New York, NY 10017. Defendant is sued as a result of defendant's total failure to fulfill their professional duty to audit, advise, or prevent illegal activity of defendant organization, resulting in monetary loss, pain and suffering of George D. McCarley.

**CONSTITUTIONAL AND STATUTORY PROVISIONS VIOLATED BY DEFENDANT**

As a direct result of KPMG failed audit, their client HSBC violated the Civil Rights of George D. McCarley found in DUE PROCESS CLAUSE of The United States Constitution; Article I and Article III; 5th, 7th, and 14th Amendments; and Article I, Alabama Constitution of 1901.

Defendant failures also led to violation of Consumer Protection (TILA and RESPA) and Alabama Mini Code (§5-19) and Alabama Code Sections 5, 8, and 10.

**OTHER CHARGES LISTED AGAINST DEFENDANT**
12 USC §2605—Servicing of Mortgage Loans and Escrow Accounts
15 USC §1601 et. Seq. – Mortgage Disclosure violations
24 CFR pt. 3500 Mortgage Disclosure violations
18 USC §656. Theft, embezzlement, or misapplication by bank officer or employee
18 USC §1001 Fraud and False Statements or entries generally
18 USC §1005 Fraud by Bank Officer
18 USC §1010 Fraud and False Statements to influence actions of Bank
18 USC §1014 Fraud and False Statements on Loan
18 USC §1016 False Acknowledgement by Oath
18 USC §1032 Concealment of Assets - - from FDIC
18 USC §1621 Perjury Generally
12 USC §1831b Disclosure re: certain Federally related Mortgage Loans
12 USC §1831n Accounting objectives, standards, requirements
12 USC §1831o. Prompt corrective action
12 USC §1833a Civil Penalties with Special Rule for Continuing Violations
12 USC §2803 Maintenance of Public Records

George D. McCarley executed a Home Mortgage contract with Household Finance Corporation in May 2000. Said mortgage was recorded in book MORT 403 page 122 in the Office

of The Judge of Probate of Randolph County, Alabama. While said mortgage was under litigation in Alabama courts, HSBC acquired HFC. McCarley was never notified of the HFC/HSBC merger. Failure to disclose merger action to McCarley violated The Truth in Lending Act (TILA), 15 USC §1601 et. Seq, and, The Real Estate Settlement Procedures Act (RESPA) 12 USC §2605, and 24 CFR pt. 3500 Mortgage Disclosure Requirements, and many associated state and federal statutes.

McCarley presses litigation due to evidence that a professional, qualitative audit should have discovered in normal course of auditor analysis. He had heavily overpaid his mortgage. In the 30 month life of the mortgage, McCarley paid almost four years of payments. HFC/HSBC under audit by this defendant, fraudulently declared McCarley in default, assigned said mortgage to a third party who fraudulently and illegally declared default, foreclosure, and ejected McCarley from his ancestral home of 70 years, Randolph County Case CV 04-041. Appellate action against that third party continues before SCOTUS, case no. 05-8143.

Due to KPMG failed audit, HFC/HSBC demanded accelerated payment of said mortgage while McCarley was in process of protesting their illegal finance charges. Defendant repeatedly violated the 60 day allowance of 12 USC §2605, which allows creditors 60 days to correct billing problems. McCarley challenged this statute many times in lower court and defendant has never acknowledged, rebutted or defended or satisfied their obligation under this federal statute. Said statute is duplicated by Alabama Code §5-19-19. Said Alabama Code further declares violators to be in DELIBERATE AND INTENTIONAL VIOLATION by failure to satisfy 60 day rule, with ultimate penalty being loss of license and loss of operating privileges within Alabama. Simplest evidence of Defendant violation is found in the billing record of the McCarley Account, 0002935534. It is clear to all who view said record that HFC/HSBC and this defendant is in clear violation of many laws. It is clear to all who view said record that defendant organization failed to

complete a substantive, qualitative review of this record. Said qualitative review will clearly vindicate McCarley and result in legal penalties against this problematic defendant.

Further, while under KPMG audit, HFC/HSBC breached laws related to fraud and misapplication of funds. Billing evidence makes it clear KPMG auditor's failed to discover McCarley payments channeled into contractually forbidden Escrow accounts. Further, and in spite of excessive monies paid, defendant client fraudulently charged McCarley with default, in violation of statutes detailed. Federal and State law allow collection of damages for these charges, along with a maximum fine of $1,000,000 and/or 30 years jail.

In order to prove Fraud, it is necessary to prove "intent". McCarley will present evidence to this court proving HFC/HSBC and/or defendant "intent" was present in the form of the profit motive. McCarley mortgage was calculated to pay the creditor $60,000 over 20 years. The net result of the fraud and intent of this creditor was that they earned over $60,000 in just 4 years.

**OTHER CHARGES BRIEFLY DETAILED AGAINST DEFENDANT**
- 12 USC §2605—Servicing of Mortgage Loans and Escrow Accounts – Statute defines a 60 day allowance for creditors to remedy consumer complaints. Defendant Auditor never discovered these irregularities. Also, McCarley contract expressly forbad Escrow Accounts. Defendant ignored that contract condition and failed to discover misapplication of several thousand dollars.
- 15 USC §1601 et. Seq. – Mortgage Disclosure violations – Mortgage declares principle, interest and late charge agreement. The law states that any amount charged other than these combinations may be declared excess finance charges and violates disclosure unless agreed in writing. No written agreement beyond original mortgage was enacted. Obviously a qualitative audit should uncover excess billing practices.
- 24 CFR pt. 3500 Mortgage Disclosure violations – Same as above
- 18 USC §656. Theft, embezzlement, or misapplication by bank officer or employee – Defendant allowed misapplication of many different funds, from monthlty payments to sham charges for electronic transaction to the establishment of forbidden escrow.
- 18 USC §1001 Fraud and False Statements or entries generally – Defendant auditor failed to discover allegations of McCarley default that were a lie, fraudulently supported and are clearly false statements, as evidence will prove in open Jury Trial.
- 18 USC §1005 Fraud by Bank Officer -- Same as above. Any statutory report completed by defendant in the name of HFC/HSBC reports fraudulent data.

4

- 18 USC §1010 Fraud and False Statements to influence actions of Bank – Most basic disclosure supplied by HFC/HSBC is false. Any statutory report completed by KPMG auditor in the name of HFC/HSBC reports fraudulent data and will influence actions of other banks and regulators.
- 18 USC §1014 Fraud and False Statements on Loan – Basic disclosure allowed by defendant auditor is false and erroneous from inception of this mortgage loan.
- 18 USC §1016 False Acknowledgement by Oath – KPMG allowed declarations of default were erroneous. Oath by bank official influenced by KPMG was required in order to process same.
- 18 USC §1032 Concealment of Assets - - from FDIC – McCarley charges HFC/HSBC Corp registration and location "shell game" has no other effect than to conceal assets for tax purposes. KPMG strong tax practice makes them heavily culpable on this charge of complicity.
- 18 USC §1621 Perjury Generally – Oath indicated in 18 USC 1016 meets definition of Perjury
- 12 USC §1831b Disclosure re: certain Federally related Mortgage Loans – same charges as other instances of false disclosure by defendant.
- 12 USC §1831n Accounting objectives, standards, requirements – No objective standards of accounting are possible in the face of the sloppy accounting witnessed by this billing statement.
- 12 USC §1831o. Prompt corrective action – violation of 60 day rule also triggers this rule.
- 12 USC §1833a Civil Penalties with Special Rule for Continuing Violations – self explanatory
- 12 USC §2803 Maintenance of Public Records – Any public records that contain an instance of the McCarley mortgage actions violate any and all credibility of public accountability.

**JURY TRIAL DEMAND**

McCarley makes a Jury Trial demand, as such is established and documented by FEDERAL PRACTICE & PROCEDURE by Wright, Miller, Cooper.
    Liens & Encumbrances, Foreclosure Jury Trial   §2316
    Property Rights Due Process Protection   §4030

Federal Rule of Civ Pr 38 declares matters of Law and Equity are granted Jury Trials.

**DAMAGES SOUGHT**

McCarley seeks an equitable solution that will restore his reputation and payback the professional earnings he has lost by virtue of the illegal acts of this defendant.

McCarley will prove via written evidence and court records that prior to the actions of HFC/HSBC and this defendant, he was a fast rising Manager on pace to earn a position as Chief Executive Officer of a major corporation. This will be verified by evidence of written correspondence with Major Corporations. Additionally, McCarley has compiled a record of 14 corporate Turnarounds, preventing bankruptcy, restructuring bankrupt companies, preventing plant

5

closings, and, has amassed a Merger and Acquisition record by leading professional teams that converted companies totaling $6 billion in revenue to new ownership. Now unfortunately, the black marks created by HSBC serves to fully block the professional employment opportunities of George McCarley. Therefore, defendant must compensate McCarley for defendant's Fraudulent activity.

McCarley is 52 years old and has not been able to work professionally for almost 3 years. This "deadly" set of conditions is well known to end the career of promising managers. Further, considering the credit agency black marks will continue for at least 7 years, it is fully appropriate that HSBC/HFC and this defendant compensate McCarley for at least a 7 year period. Further, given the fact this instance occurs in the late years of McCarley career, a jury may find it fully appropriate that HSBC provide compensation for the balance of McCarley working life.

It is fully appropriate that KPMG pay court costs and McCarley legal fees for this action.

| Summary of Damages Sought | Sought | CEO Potential Award[1] |
|---|---|---|
| 1. Court Costs and Legal Fees | $20,000 | $20,000 |
| 2. Return of Property and Title thereof | $30,000 | $30,000 |
| 3. Compensatory Damages for lost income | $1,000,000 | $10,000,000 |
| 4. Punitive Damages for lost future income | $1,000,000 | $70,000,000 |
| 5. Pain and Suffering during this ordeal | $1,000,000 | $20,000,000 |
| Total Sought | $3,050,000 | $100,050,000 |

I, George D. McCarley do certify that the foregoing is a true statement, as witnessed by my signature

G McCarley
George D. McCarley
January 30, 2006

---

[1] Alternative compensation suggested based upon CEO compensation of HSBC

6

## PROOF OF SERVICE

I, George D. McCarley, do swear or declare that on this date, January 30, 2006, as required by Supreme Court Rule 29 I have served the enclosed COMPLAINT on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing envelope containing the above documents in the United States mail properly addressed to each of them and with first class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The Corporate Agent is being served in order to insure the most prompt and timely  The name and address of those served are as follows:

Headquarters Location
Tim Flynn, Chairman
KPMG (Executive Offices)
757 Third Avenue
New York, NY  10017
212-909-5600

The Clerk
Middle Distict of Alabama, Eastern Division
United States Courthouse
One Church Street, PO Box 711
Montgomery, Al  36101-0711
334-954-3600

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2006

*G McCarley*
George D. McCarley

7